IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARREL ARNETT, ) | |
| ) | |
| Plaintiff, ) | Case No. CIV-10-1211-M |
| ) | |
| vs. ) | |
| ) | **COMPLAINT** |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC., ) | |
| ) | |
| ) | **JURY TRIAL REQUESTED** |
| Defendant. ) | |

## COMPLAINT

### I. INTRODUCTION

1.  This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### II. JURISDICTION

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.  Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

### III. PARTIES

4.  Plaintiff, DARREL ARNETT ("Plaintiff"), is a natural person who at all

relevant times resided in the State of Oklahoma, County of McIntosh, and City of Checotah.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC., ("Defendant") or ("PRA") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

### IV. FACTUAL ALLEGATIONS

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including continuing to attempt to collect a debt from Plaintiff that was owed by another individual despite being informed by Plaintiff that he

did not owe the debt.

12. Despite having been informed by the Plaintiff that the debt in question was actually owed by his daughter, Defendant attempted to trick Plaintiff into admitting that he was also responsible for the debt. Plaintiff refused to do so, and instead repeatedly and consistently informed Defendant that if anyone owed the debt it was his daughter, however Defendant continued to attempt to collect the debt from Plaintiff directly after that conversation.

13. Defendant communicated with a single third party (Plaintiff) more than once in connection with an attempt to collect an alleged debt.

14. Defendant falsely represented the character, amount, or legal status of a debt, including repeatedly insisting that Plaintiff owed a debt that, upon information and belief, was actually owed by his daughter.

15. Defendant placed non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or artificial and/or prerecorded voice.

16. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

18. Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff, including continuing to attempt to collect a debt from Plaintiff that was owed by another individual despite being informed by Plaintiff that he did not owe the debt in violation of § 1692d;

19. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

21. Defendant communicated with a single third party more than once in connection with an attempt to collect an alleged debt in violation of § 1692b(3);

22. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692b(3);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

24. Defendant falsely represented the character, amount, or legal status of a debt, including repeatedly insisting that Plaintiff owed a debt that, upon information and belief, was actually owed by his daughter in violation of § 1692e(2)(A);

25. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

 e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

 f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

27. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

 a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

 b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

 c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

 d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

 e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

 f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

**<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>**

Respectfully submitted this <u>10th</u> day of November, 2010

    By: <u>s/Alex D. Weisberg</u>
     Alex D. Weisberg
     WEISBERG & MEYERS, LLC
     5722 South Flamingo Road, Ste. 656
     Cooper City, FL 33330
     (954) 212-2184
     (866) 577-0963facsimile
     AWeisberg@AttorneysForConsumers.com
     Attorney for Plaintiff